1   **WO**                                                                          SC

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

   George Wilson Overturf,                  )    No. CV 11-1856-PHX-GMS (DKD)
9                                           )
                 Plaintiff,                 )    **ORDER**
10                                          )
   vs.                                      )
11                                          )
   Janice K. Brewer, et al.,                )
12                                          )
                 Defendants.                )
13 _____ )

14           Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison

15  Complex, Central Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint

16  pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  He has also filed an incomplete Application to

17  Proceed *In Forma Pauperis* and motion to submit the complete *in forma pauperis*

18  Application with a completed Application.  (Doc. 2, 4, & 5.)  The Court will deny the

19  incomplete *in forma pauperis* application, grant the motion to submit the complete

20  application, and grant Plaintiff's complete application. The Court will dismiss the Complaint

21  with leave to amend.

22  **I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

23           Plaintiff's Application to Proceed *In Forma Pauperis* will be granted, doc. 5.  28

24  U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

25  § 1915(b)(1).  The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).

26  The statutory fee will be collected monthly in payments of 20% of the previous month's

27  income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The

28  Court will enter a separate Order requiring the appropriate government agency to collect and

JDDL-K

1   forward the fees according to the statutory formula.

2   **II.   Statutory Screening of Prisoner Complaints**

3          The Court is required to screen complaints brought by prisoners seeking relief against

4   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7   be granted, or that seek monetary relief from a defendant who is immune from such relief.

8   28 U.S.C. § 1915A(b)(1), (2).

9          A pleading must contain a "short and plain statement of the claim *showing* that the

10  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

11  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

12  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

13  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements, do not suffice."  Id.

15         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

17  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18  that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

20  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

22  allegations may be consistent with a constitutional claim, a court must assess whether there

23  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

24         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

26  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

27  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

28  94 (2007) (*per curiam*)).

JDDL-K                                                - 2 -

1   If the Court determines that a pleading could be cured by the allegation of other facts,

2   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

3   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

4   should not, however, advise the litigant how to cure the defects.  This type of advice "would

5   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

6   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

7   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

8   for failure to state a claim, but because the Complaint may possibly be saved by amendment,

9   will dismiss the Complaint with leave to amend.

10  **III.    Complaint**

11  Plaintiff alleges three counts for the denial of constitutionally adequate medical care,

12  administrative relief or due process, and access to counsel.  Plaintiff sues Arizona Governor

13  Janice K. Brewer and former Arizona Attorney General Terry Goddard.  Plaintiff also sues

14  the following current or former employees of the Arizona Department of Corrections (ADC):

15  Director Charles L. Ryan; Facility Health Administrators (FHA) H. Valenzuela and Dennis

16  Kendall; Nurses Romero, French, and Unknown (hereafter Jane Doe); Pharmacy Technician

17  A. Swindle; and Corrections Officer (CO) III Chavez.  Plaintiff seeks injunctive and

18  compensatory relief.

19  **IV.    Failure to State a Claim**

20  To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

21  conduct about which he complains was committed by a person acting under the color of state

22  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

23  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  A "'plaintiff generally must assert his own

24  legal rights and interests, and cannot assert the legal rights or interests of third parties.'"

25  Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting

26  Warth v. Seldin, 422 U.S. 490, 499 (1975)).  In addition, to state a valid constitutional claim,

27  a plaintiff must allege that he suffered a specific injury as a result of the conduct of a

28  particular defendant and he must allege an affirmative link between the injury and the

1    conduct of that defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

2         Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply

3    conclusions, that show that an individual was personally involved in the deprivation of his

4    civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

5    to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

6    a policy, practice, or custom.  <u>See</u> <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186, 1188

7    (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a

8    defendant's position as the supervisor of someone who allegedly violated a plaintiff's

9    constitutional rights does not make him liable.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658,

10   691 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his

11   individual capacity, "is only liable for constitutional violations of his subordinates if the

12   supervisor participated in or directed the violations, or knew of the violations and failed to

13   act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.  In addition, where a defendant's only

14   involvement in allegedly unconstitutional conduct is the denial of administrative grievances,

15   the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior

16   does not amount to active unconstitutional behavior for purposes of § 1983.  <u>Shehee v.</u>

17   <u>Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>accord</u> <u>Mintun v. Blades</u>, No. CV-06-139-BLW,

18   2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); <u>Stocker v. Warden</u>, No.

19   1:07-CV-00589LJODLBP, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

20        **A.    Jane Doe**

21        Plaintiff sues an unknown nurse who worked in the Central Detention Unit of the

22   Arizona State Prison Complex-Tucson, hereafter Jane Doe.  Plaintiff alleges that he was held

23   at the Tucson Complex between January 20 and April 20, 2011.  During that time, Doe

24   withheld medications because she thought that Plaintiff had caused Defendant Chavez to be

25   investigated for consorting, conspiring, and fraternizing with registered sex offenders outside

26   of prison complexes.

27        Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the

28   names of the parties in the action.  As a practical matter, it is impossible in most instances

for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant. However, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Where the name of an individual defendant is unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendant by a fictitious name, such as Jane Doe, and allege facts to support that the Doe defendant violated the plaintiff's constitutional rights. A plaintiff may thereafter use the discovery process to obtain the name of a fictitiously-named defendant whom he believes violated his constitutional rights and seek leave to amend to name that defendant.

While Plaintiff alleges some facts against Doe in his Complaint, he does not sufficiently allege facts to state a claim under the applicable standard – deliberate indifference to a serious medical need – which is described below. Plaintiff fails to allege the dates and medications that Doe allegedly withheld, the medical condition for which the medications were prescribed, and facts to support that Doe withheld the medications despite knowing that doing so posed an excessive risk to Plaintiff's health or knowing facts supporting such an inference. For these reasons, Plaintiff fails to state a claim against Doe, who will be dismissed.

**B.    Brewer, Goddard, and Ryan**

Plaintiff sues Governor Brewer, former Attorney General Goddard, and Director Ryan. Plaintiff bases liability against each of these Defendants on *respondeat superior* and/or denying grievance appeals. As discussed above, liability under § 1983 may not be predicated on *respondeat superior* or the mere denial of a grievance appeal. Accordingly, Plaintiff fails to state a claim against these Defendants and they will be dismissed.

**C.    Medical Care**

Plaintiff designates Count I as a claim for denial of constitutionally adequate medical

1   care.  Not every claim by a prisoner relating to inadequate medical treatment states a

2   violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

3   plaintiff must show that the defendants acted with "deliberate indifference to serious medical

4   needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

5   U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

6   that failure to treat the condition could result in further significant injury or the unnecessary

7   and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

8   Jett, 439 F.3d at 1096 (quotations omitted).

9          "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

10  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

11  of and disregard an excessive risk to inmate health; "the official must both be aware of facts

12  from which the inference could be drawn that a substantial risk of serious harm exists, and

13  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

14  indifference in the medical context may be shown by a purposeful act or failure to respond

15  to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439

16  F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

17  denies, delays, or interferes with medical treatment or by the way prison doctors respond to

18  the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

19         Deliberate indifference is a higher standard than negligence or lack of ordinary due

20  care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross

21  negligence will constitute deliberate indifference." Clement v. California Dep't of

22  Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

23  Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

24  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

25  not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.

26  Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is

27  insufficient to state a claim against prison officials for deliberate indifference. See Shapley

28  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference

JDDL-K                                          - 6 -

must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105.

Plaintiff alleges the following in Count I:  Plaintiff suffers from macular degeneration and, since 2007, he has been prescribed eye vitamins, multivitamins with iron, and multivitamins without iron to slow the loss of his vision.[1]  On August 10, 2010, his prescription for multivitamins with iron was cancelled, although the prescription was issued as to remain in effect until December 12, 2010.[2]  Beginning September 5, 2010, Plaintiff did not receive prescribed eye vitamins for 3½ weeks.  In September 2010, Nurse Romero told another inmate in a loud voice that she and the Health Services Administrator had decided to cancel Plaintiff's medications until he did what they wanted him to do.[3]  Romero also made disparaging remarks about Plaintiff and falsely implied that he was sex offender.  Plaintiff did not receive medications for five weeks.[4]  According to Plaintiff, Nurse French was a friend of Romero, and advocated withholding unidentified medications from Plaintiff.  On September 20, 2010, Pharmacy Technician Swindle denied Plaintiff's request for refills for Timolol Ophth, eye vitamins, and Flunisolide because Plaintiff did not then have active prescriptions.

On February 18, 2011, Plaintiff's prescription for multivitamins with iron was re-issued, but his prescription for multivitamins without iron was cancelled.  On April 28, 2011, FHA Valenzuela refused to reinstate the prescription for multivitamins without iron.  FHA Kendall denied Plaintiff's grievance regarding Valenzuela's decision.  Defendant Chavez refused to process Plaintiff's grievances, which prevented him from learning who the Health

---

[1] Plaintiff alleges that various doctors, including jail and ADC doctors had issued the prescriptions since 2007.

[2] Plaintiff does not allege that any Defendant cancelled the prescription or the ostensible reasons for the cancellation.

[3] Plaintiff does not allege what Romero wanted him to do.

[4] Plaintiff does not identify the medications, but presumably he does not refer to vitamins that he alleges were denied for 3½ weeks.

1  Administrator was at the Lewis Complex.   On June 10, 2011, Dr. Steinhauser made a

2  prescription for artificial tears non-refillable, although Plaintiff had been prescribed artificial

3  tears for 4½ years.   Finally, since September 12, 2010, Plaintiff has sought an examination

4  by an ophthalmologist, and has been told since March 23, 2011, that he is scheduled to see

5  an ophthalmologist, but he has not yet been examined.

6          To the extent that Plaintiff alleges facts without connecting his allegation to any

7  named defendant, he fails to state a claim.   As to the balance of his allegations, Plaintiff fails

8  to sufficiently allege facts to support that identified Defendants acted with deliberate

9  indifference to a serious medical need.   According to Plaintiff, Valenzuela refused to

10 reinstate a prescription for multivitamins without iron.   However, Plaintiff has not alleged

11 facts to support that Valenzuela did so despite knowing that doing so posed an excessive risk

12 to Plaintiff's health or was medically unacceptable.   As to Kendall and Ryan, Plaintiff merely

13 alleges that they denied a grievance or grievance appeal, which as discussed above is

14 insufficient to state a claim against either of them.   Plaintiff alleges that Chavez refused to

15 process his grievances, but he does not allege supporting circumstances including the issues

16 in the grievances, when Chavez refused to process them, or the ostensible reasons for

17 Chavez's refusal, if any.   Plaintiff alleges that Nurse French advocated withholding

18 medications, but Plaintiff does not allege to whom, when, or the medications at issue or any

19 resulting harm.   Plaintiff alleges that Swindle refused to refill medications because he did not

20 then have active prescriptions.   That absent more, does not support that Swindle acted with

21 deliberate indifference to a serious medical need.   That is, Plaintiff has not alleged facts to

22 support that Swindle intentionally refused to refill the prescriptions despite knowledge that

23 Plaintiff had active prescriptions or facts to support that such refusal posed an excessive risk

24 to Plaintiff's health.   As to Romero, Plaintiff alleges that she made disparaging remarks

25 against him and told another inmate that she and the Health Services Administrator had

26 decided to cancel Plaintiff's prescriptions.   Plaintiff does not identify the prescriptions

27 cancelled, what he had refused to do, or any resulting harm.   He also fails to allege facts to

28 support that Romero cancelled prescriptions despite knowledge that doing so would pose an

1  excessive risk to Plaintiff's health.[5]  For the reasons discussed, Plaintiff fails to state a claim
2  in Count I against Defendant.

3      **C.    Due Process**

4      Plaintiff designates Count II as a claim for denial of due process based on Defendant
5  Chavez's failures to respond to inmate requests or grievances and the failure to provide
6  indigent legal supplies while Plaintiff was in the Bachman Detention Unit, between August
7  11, 2010 and December 1, 2010.  The Court construes Count II to allege the denial of access
8  to the courts by denying indigent legal supplies and a denial of the right to petition for
9  redress of grievances.[6]

10      **1.    Access to the Courts**

11      The right of meaningful access to the courts prohibits state officials from actively
12  interfering with an inmate's attempt to prepare or file legal documents.  <u>Lewis v. Casey</u>, 518
13  U.S. 343, 350 (1996).  That right, however, only encompasses the ability to bring petitions
14  or complaints to federal court and not to discover or even effectively litigate such claims
15  once filed with a court.  <u>Id.</u> at 354; <u>see also</u> <u>Cornett v. Donovan</u> , 51 F.3d 894, 899 (9th Cir.
16  1995) ("The right of access is designed to ensure that a habeas petition or civil rights
17  complaint of a person in state custody will reach a court for consideration.").  The right
18  "guarantees no particular methodology but rather, the conferral of a capability – the
19  capability of bringing contemplated challenges to sentences or conditions of confinement
20  before the courts." <u>Lewis</u>, 518 U.S. at 356.  Further, the denial of access to a paralegal or use
21  of a law library is not actionable if there is no claim of prejudice to an existing or future legal

23
24      [5]  Verbal harassment or abuse, absent more, is in sufficient to state a violation of a
      constitutional right under § 1983.  <u>Oltarzewski v. Ruggiero</u>, 830 F. 2d 136, 139 (9th Cir.
25  1987); <u>see</u> <u>Corales v. Bennett</u>, 567 F.3d 554 (9th Cir. 2009) (citing <u>Gaut v. Sunn</u>, 810 F.2d
      923 (9th Cir. 1987)) (verbal threats alone do not create a cause of action under § 1983 nor
26  are they "prohibited by the Constitution" because they are not "equivalent to doing the act
      itself.").
27

28      [6]  Plaintiff is reminded that separate constitutional violations should be set forth as
      separate counts.

JDDL-K                                   - 9 -

1   action.  Id. at 351-53.  That is, an inmate must establish that he suffered an "actual injury."

2   See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  An "actual injury" is "actual

3   prejudice with respect to contemplated or existing litigation, such as the inability to meet a

4   filing deadline or present a claim."  Lewis, 518 U.S. at 348.  In other words, a plaintiff must

5   allege facts to support that a defendant's conduct prevented him from bringing to court a

6   non-frivolous claim that he wished to present.  Id. at 351-53.  A plaintiff "must identify a

7   nonfrivolous, arguable underlying claim," and this underlying claim "must be described in

8   the complaint."  Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

9        Plaintiff alleges that he is an indigent inmate working on his appeal.  (Doc. 1 at 4.)  He

10  was moved to Bachman Detention Unit on August 11, 2010, where Chavez worked.  Plaintiff

11  states that when he requested indigent status in accordance with prison rules so that he could

12  write to his attorney, his requests were ignored, as were his grievances about the lack of

13  response to his request for indigent status.  When Plaintiff submitted an inmate request for

14  paralegal assistance to R. Padilla on November 15, 2010, Chavez told Padilla that all Plaintiff

15  needed to do was put in a request for a legal call with his attorney.  Plaintiff contends that

16  such calls must be made in the presence of an officer, thereby destroying confidentiality.

17       Plaintiff fails to allege *facts* to support that he has actually been injured with respect

18  to any pending or prospective litigation.  According to records available on-line, a direct

19  appeal was filed on Plaintiff's behalf by counsel and is currently pending before the Arizona

20  Court of Appeals.[7]  Because Plaintiff fails to allege facts to support that he was prevented

21  from filing a meritorious claim in state or federal court, he fails to state a claim for denial of

22  access to the courts by the denial of legal supplies.  Accordingly, he fails to state a claim in

23

24       [7]   See http://apps.supremecourt.az.gov/aacc/1ca/1capartyindex.htm (Last visited
    November 3, 2011).  The appellate docket reflects that Plaintiff is represented by counsel in
25  his appeal.  A criminal defendant is not constitutionally entitled to access to a law library or
    other legal assistance in connection with his criminal proceedings where he is already
26  represented by counsel in those proceedings.  See United States v. Wilson, 690 F.2d 1267,
    1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [a defendant]
27  satisfied the Fifth Amendment obligation to provide meaningful access to the courts.").

28

1    Count II on that basis.

2        **2.    Redress of Grievances**

3        Although "[t]here is no legitimate claim of entitlement to a [prison] grievance

4    procedure," <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); the right of meaningful

5    access to the courts extends to established prison grievance procedures.  <u>Bradley v. Hall</u>, 64

6    F.3d 1276, 1279 (9th Cir. 1995), <u>abrogated on other grounds by</u> <u>Shaw v. Murphy</u>, 532 U.S.

7    223 (2001); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989).   The

8    "government" to which the First Amendment guarantees a right to petition for redress of

9    grievances includes prison authorities.  <u>Hall</u>, 64 F.3d at 1279 (citing <u>Soranno's Gasco, Inc.</u>

10   <u>v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir.1989)).

11       In this case, Plaintiff does not allege that he was unable to submit grievances, i.e., that

12   he was denied access to an established prison grievance procedure.  Rather, he merely alleges

13   that Chavez failed to respond to his grievances.  Absent more, that is insufficient to state a

14   claim for denial of the right to petition for redress of grievances.  Accordingly, Plaintiff also

15   fails to state a claim for denial of the right to petition for redress of grievances.

16       **D.    Denial of Access to Counsel**

17       Plaintiff designates Count III as a claim for denial of access to counsel largely based

18   on the allegations contained in Count II.  Plaintiff adds that Padilla told Chavez that he was

19   violating Plaintiff's Sixth Amendment right to counsel, but that Chavez responded that

20   Plaintiff only needed to request to make a call to his attorney.  Plaintiff additionally states

21   that he was unable to return questionnaires that two attorneys had sent to him and was

22   thereby denied privileged access to his attorneys.

23       The Sixth Amendment guarantees an indigent criminal defendant the right to an

24   attorney at all critical stages of his prosecution.  <u>See</u> <u>e.g.</u>, <u>John-Charles v. California</u>, 646

25   F.3d 1243, 1248 (9th Cir. 2011).  Such stages include post-indictment lineups, arraignment,

26   or a competency hearing for an adverse child witness.  <u>Id.</u> (citing cases); <u>see also</u> <u>United</u>

27   <u>States v. Cronic</u>, 466 U.S. 648, 659 n. 25 (1984) (citing cases).

28       The facts alleged by Plaintiff do not support that Chavez denied him counsel at a

1  critical stage of a criminal prosecution.  Rather, Plaintiff appears to predicate this claim

2  solely on Padilla's statement to Chavez.  Absent more, Plaintiff has not stated a claim for

3  violation of his Sixth Amendment rights.  Accordingly, Count III will be dismissed.

4  **V.      Leave to Amend**

5         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

6  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

7  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

8  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

9  to use the court-approved form, the Court may strike the amended complaint and dismiss this

10  action without further notice to Plaintiff.

11         Plaintiff must clearly designate on the face of the document that it is the "First

12  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

13  entirety on the court-approved form and may not incorporate any part of the original

14  Complaint by reference.  Plaintiff may include only one claim per count.

15         A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

16  F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

17  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

18  nonexistent. <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

19  complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d

20  565, 567 (9th Cir. 1987).

21  **VI.     Warnings**

22         **A.      Release**

23         Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

24  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

25  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

26  in dismissal of this action.

27         **B.      Address Changes**

28         Plaintiff must file and serve a notice of a change of address in accordance with Rule

JDDL-K                                         - 12 -

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's motion to submit a complete *in forma pauperis* application is **granted**.  (Doc. 4.)

(2)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 5.)

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(4)     Plaintiff's incomplete *in forma pauperis* application is **denied** as moot.  (Doc. 2.)

(5)     The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(6)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(7)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 7th day of November, 2011.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,                )
(Full Name of Plaintiff)                         )
      Plaintiff,                         )
                              )
       vs.                                )   **CASE NO.** _____
                              )        (To be supplied by the Clerk)

(1)_____,               )
(Full Name of Defendant)                         )
(2)_____,               )
                              )     **CIVIL RIGHTS COMPLAINT**
(3)_____,               )         **BY A PRISONER**
                              )
(4)_____,               )   ☐ Original Complaint
        Defendant(s).                      )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)               (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)               (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)               (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)               (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

 a.  First prior lawsuit:
  1.   Parties: _____ v. _____
  2.   Court and case number: _____.
  3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
  _____.

 b.  Second prior lawsuit:
  1.   Parties: _____ v. _____
  2.   Court and case number: _____.
  3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
  _____.

 c.  Third prior lawsuit:
  1.   Parties: _____ v. _____
  2.   Court and case number: _____.
  3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
  _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
   b.    Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
   c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities         ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property      ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                       ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?            ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                                          SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.