**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

George Wilson Overturf,
Plaintiff,
vs.
Janice K. Brewer, et al.,
Defendants.

No. CV 11-1856-PHX-GMS (DKD)

**ORDER**

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with (a) an incomplete Application to Proceed *In Forma Pauperis* and, (b) a motion to submit the complete *in forma pauperis* Application with a completed Application. (Doc. 1, 2, 4, 5.) In an Order filed on November 7, 2011, the Court denied (a), the incomplete *in forma pauperis* application, but granted (b), the motion to submit a completed application and the completed application. (Doc. 7.) The Court also dismissed the Complaint with leave to amend within 30 days. (Id.)

Plaintiff has filed a motion for an extension of time to submit a completed application to proceed *in forma pauperis* and an amended complaint. (Doc. 9.) To the extent that Plaintiff seeks an extension of time to file an *in forma pauperis* application his motion will be denied because the Court has already granted Plaintiff leave to proceed *in forma pauperis.* (Doc. 7.) Plaintiff also seeks an extension until February 5, 2012 in which to file an amended complaint. The Court will grant Plaintiff an additional 30 days in which to file an amended complaint. The Court's prior Order described the standard to state the types of claims that

JDDL-K

Plaintiff wishes to bring. (Doc. 7 at 5-11.) Plaintiff is reminded that he need not and should not include legal authority or argument in an amended complaint. Rather, he should allege the facts that he believes supports that his constitutional or federal statutory rights have been violated.

Plaintiff has also filed a motion for the appointment of counsel. (Doc. 10.) Plaintiff seeks the appointment of counsel because of his imprisonment and limited access to legal resources will make it difficult for him to litigate this case and he is indigent. Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017. This case does not present exceptional circumstances warranting the appointment of counsel. Accordingly, Plaintiff's request for the appointment of counsel will be denied.

**Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

/ / /

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the November 7, 2011 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's motion for an extension to file an *in forma pauperis* application and amended complaint is **granted in part** and **denied in part**. (Doc. 9.) The motion is **granted** to the extent set forth below and otherwise **denied**. (Doc. 9.)

(2) Plaintiff is **granted** an additional **30 days** from the filing date of this Order in which to file a first amended complaint in compliance with the November 7, 2011 Order, doc. 7.

(3) If Plaintiff fails to file an amended complaint within the extension granted herein, the Clerk of Court must, without further notice, enter a judgment of dismissal of this

action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4) Plaintiff's motion for appointment of counsel is **denied**. (Doc. 10.)

DATED this 28th day of November, 2011.

G. Murray Snow
United States District Judge