**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| George Wilson Overturf, | ) No. CV 11-1856-PHX-GMS (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Janice K. Brewer, et al., | ) |
| Defendants. | ) |

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 7.) Plaintiff has filed a First Amended Complaint and a motion for appointment of counsel. (Doc. 15, 16.) The Court will request counsel to represent Plaintiff *pro bono*, pursuant to 28 U.S.C. § 1915(e).

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because it may possibly be saved by amendment, the Court will dismiss it with leave to amend.

/     /     /

## II.     First Amended Complaint

Plaintiff alleges two counts for the denial of constitutionally adequate medical care and administrative relief or due process. Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC): Director Charles L. Ryan; Facility Health Administrators (FHA) H. Valenzuela and Dennis Kendall; Nurses Romero, French, and Jane Doe; Pharmacy Technician A. Swindle; and Corrections Officer (CO) III Chavez. Plaintiff seeks declaratory, injunctive, and compensatory relief.

## III.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances,

the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

## A.     Jane Doe

Plaintiff sues an unknown nurse who worked in the Central Detention Unit of the Arizona State Prison Complex-Tucson, hereafter Jane Doe.  Plaintiff alleges that he was held at the Tucson Complex between January 20 and April 20, 2011.  During that time, Doe withheld medications because she thought that Plaintiff had caused Defendant Chavez to be investigated for consorting, conspiring, and fraternizing with registered sex offenders outside of prison complexes.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.  However, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the name of an individual defendant is unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendant by a fictitious name, such as Jane Doe, and allege facts to support that the Doe defendant violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery process to obtain the name of a fictitiously-named defendant whom he believes violated his constitutional rights and seek leave to amend to name that defendant.

While Plaintiff alleges some facts against Doe in his Complaint, he does not sufficiently allege facts to state a claim under the applicable standard – deliberate

indifference to a serious medical need – which is described below. Plaintiff fails to allege the dates and medications that Doe allegedly withheld, the medical condition for which the medications were prescribed, and facts to support that Doe withheld the medications despite knowing that doing so posed an excessive risk to Plaintiff's health or knew of facts supporting such an inference. For these reasons, Plaintiff fails to state a claim against Doe, who will be dismissed.

### B.     Ryan

Plaintiff sues Director Ryan. Plaintiff bases liability against him on *respondeat superior* and the denial of grievance appeals. (See Doc. 16 at 2E.) As discussed above, liability under § 1983 may not be predicated on *respondeat superior* or the mere denial of a grievance appeal. Accordingly, Plaintiff fails to state a claim against Ryan and he will be dismissed.

### C.     Medical Care

Plaintiff designates Count I as a claim for denial of constitutionally adequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond

to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

Plaintiff alleges the following: Since 2000, Plaintiff has suffered from glaucoma, which has been treated with timolol maleate ophthalmic solution. In March 2007, Plaintiff was diagnosed with macular degeneration. Since that diagnosis, Plaintiff has been prescribed eye vitamins and multi-vitamins with and without iron to slow the loss of vision due to macular degeneration. Plaintiff also has cataracts.

On May 5, 2010, Plaintiff was transferred from Maricopa County Jail to ADC's Alhambra Reception Center. On May 21, 2010, Plaintiff was transferred to Arizona State Prison Complex (ASPC) Lewis. On June 15, 2010, Plaintiff was prescribed: Flunisolide, Rx 320503; Timolol Ophth, Rx320506; eye vitamins with iron (Pro-Sight rather than Ocuvite), Rx 320502, and eye vitamins without iron, Rx 320505; and artificial tears, Rx 320501. The prescriptions had an expiration date of December 12, 2010.

On August 11, 2010, Plaintiff was moved to the Bachman Detention Unit at ASPC-

Lewis. On August 15, 2010, he sent a second Health Needs Request (HNR) to medical because he had not received multivitamins without iron since August 10. On August 21 and September 2 and 12, 2010, Plaintiff submitted additional HNRs.

On September 7, 2010, Plaintiff filed an informal resolution about not receiving refills of his medications. CO III Chavez did not respond to the informal within 15 working days. However, on September 14, 2010, Chavez told Plaintiff that he would fax Plaintiff's informal resolution to health services. On September 22, 2010, Plaintiff filed a second informal resolution because he had not received a response from Chavez. The next day, Plaintiff received a memorandum from Pharmacy Technician Swindle informing him that his eye vitamins and Timolol Ophth, Rx 320502 and 320506, were not refillable.[1] Plaintiff contends that Swindle acted with deliberate indifference by refusing to refill his prescriptions. Plaintiff does not allege that medical had authorized refills of those prescriptions.

Beginning on September 24, 2010, Plaintiff began asking to see an ophthalmologist. On September 28, 2010, Plaintiff sent an informal resolution to Sergeant Hutchinson and Captain Yielding because he had stopped receiving eye vitamins on September 6. The same day, Nurse Romero told inmate Damien Dowdle, in a loud voice that could be heard throughout the Bachman Detention Unit, that she and the health service administrator had decided to cancel Plaintiff's prescriptions until Plaintiff confessed to being a child molester, although Plaintiff had never been charged or convicted of a sex crime. Thereafter, Romero continued to make disparaging remarks about Plaintiff. Plaintiff contends that he was without medications for five weeks because of Romero and his vision became worse. (Doc. 16 at 3B.)

On September 29, 2010, Plaintiff filed a grievance concerning his health care, but Chavez did not forward it the Grievance Coordinator. Plaintiff contends that Chavez never investigated his September 7 and 20 informal resolutions and also failed to forward his

---

[1] Plaintiff appears to confuse the expiration date within which to have a prescription filled with authorization for refills of a prescription after it has once been filled. Although unclear, it appears that his prescriptions did not authorize refills.

subsequent grievances of October 21 and November 10, 2010 to the Grievance Coordinator. Plaintiff contends that as a result, he was denied access to administrative remedies and that Chavez acted with deliberate indifference to his medical needs.

On December 9, 2010, Plaintiff met with a health care provider to have his prescriptions renewed. However, he was not issued a refill for multivitamins with iron. On December 13, 2010, Nurse French began to assail Plaintiff's character and to deny or limit his health care.[2]

On January 10, 2011, Plaintiff was transferred to ASPC-Tucson. On February 2, 2011, Plaintiff filed an informal resolution regarding health care. On February 18, 2011, Abbe King renewed Plaintiff's Timolol, eye vitamins, flunisolide and artificial tears and substituted multivitamins with iron for multivitamins without iron. Plaintiff filed a grievance regarding the substitution. On March 4, 2011, FHA Valenzuela denied the grievance and responded that the provider could change medications prescribed by previous providers. Plaintiff contends that Valenzuela acted with deliberate indifference where Plaintiff did not receive one of his multivitamins between August 10, 2010 and March 2011. Plaintiff filed a grievance appeal, but Valenzuela told Plaintiff to address the appeal to health staff in the unit where he was then housed.

On March 12, 2011, FHA Kendall denied Plaintiff's grievance appeal and stated there was no evidence that his sight had been damaged. (Doc. 16 at 2E.) On March 24, 2011, Plaintiff was told that he would be going to Ophthalmology. On March 29, 2011, Nurse Doe made disparaging remarks about Plaintiff and inaccurately indicated that she had provided Plaintiff with Flunisolide and Timolol, when she had not. On May 17, 2011, Ryan denied Plaintiff's grievance appeal from the March 12 decision of FHA Kendall. On June 10, 2011, Dr. Steinhouser at ASPC-Florence, put Plaintiff's prescription for artificial tears on a no-

---

[2] According to Plaintiff, in March 2011, French visited ASPC-Tucson in an attempt to get health care staff to limit Plaintiff's health care. (Doc. 16 at 3D.) On May 19, 2011, French brought "false paperwork" to ASPC-Florence, which indicated that Plaintiff was a sex offender. Plaintiff does not describe the basis for these assertions or that his health care was adversely affected as a result.

refill status. On September 16, 2011, Plaintiff was finally examined by an ophthalmologist, Dr. Patel, who "upgraded" Plaintiff's eye vitamins from Pro-Sight to Ocuvite. Patel told Plaintiff that his vision was poor, scheduled him for cataract surgery, reinstated the artificial tears prescription, and prescribed sunglasses for light sensitivity. On November 22, 2011, Plaintiff received cataract surgery on his left eye. As of December 12, 2011, Plaintiff's vision in his left eye was blurry and he continued to await cataract surgery on his right eye.

Plaintiff contends that the actions of Defendants Romero, French, and Swindle prevented him from receiving eye vitamins between September 5 and 28, 2010 and November 21 to 27, 2010. He also alleges that he did not have eye vitamins without iron between August 10 and 27, 2010. Plaintiff contends that Defendant Chavez violated his right to petition for redress of his medical grievances by denying him access to the grievance procedure.

To the extent that Plaintiff alleges facts without connecting his allegation to any named defendant, he fails to state a claim. As to the balance of his allegations, Plaintiff fails to sufficiently allege facts to support that identified Defendants acted with deliberate indifference to a serious medical need. According to Plaintiff, Valenzuela refused to reinstate a prescription for multivitamins without iron. However, Plaintiff has not alleged facts to support that Valenzuela did so despite knowledge that doing so posed an excessive risk to Plaintiff's health or was medically unacceptable. As to Kendall and Ryan, Plaintiff merely alleges that they denied grievance appeals. As discussed above, that is insufficient to state a claim against either of them. Plaintiff alleges that Chavez refused to process his grievances. Plaintiff does not allege supporting circumstances. Plaintiff does not allege how he knows that it was Chavez's failure to forward rather than the recipient's failure to respond. Plaintiff also does not indicate the issues raised in the grievances, when and how Chavez refused to process them, or the ostensible reasons for Chavez's refusals, if any. Plaintiff alleges that Nurse French advocated withholding medications, but Plaintiff does not allege to whom, when, the medications at issue, or facts to support that her actions, rather than something else, caused him to be denied medications. Plaintiff alleges that Swindle refused

to refill prescriptions that had not expired. However, Plaintiff does not allege that Swindle refused to refill prescriptions that had previously been authorized for refills by the health care providers. That is, Plaintiff has not alleged facts to support that Swindle intentionally refused to refill the prescriptions despite authorization to do so with knowledge that failing to do so posed an excessive risk to Plaintiff's health. As to Romero, Plaintiff alleges that she made disparaging remarks about him and told another inmate that she and the Health Services Administrator had decided to cancel Plaintiff's prescriptions. Plaintiff does not allege facts to support that any prescription was cancelled as a result of Romero's actions. He also fails to allege facts to support that Romero cancelled prescriptions despite knowledge that doing so would pose an excessive risk to Plaintiff's health.[3] For the reasons discussed, Plaintiff fails to state a claim in Count I against any Defendant.

## C. Due Process

Plaintiff designates Count II as a claim for denial of due process based on Defendant Chavez's failures to respond to inmate requests or grievances and the failure to provide indigent legal supplies while Plaintiff was in the Bachman Detention Unit between August 11, 2010 and December 1, 2010. The Court construes Count II to allege the denial of access to the courts by denying indigent legal supplies and a denial of the right to petition for redress of grievances.[4]

### 1. Access to the Courts

The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. <u>Lewis v. Casey</u>, 518

---

[3] Verbal harassment or abuse, absent more, is in sufficient to state a violation of a constitutional right under § 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F. 2d 136, 139 (9th Cir. 1987); <u>see</u> <u>Corales v. Bennett</u>, 567 F.3d 554 (9th Cir. 2009) (citing <u>Gaut v. Sunn</u>, 810 F.2d 923 (9th Cir. 1987)) (verbal threats alone do not create a cause of action under § 1983 nor are they "prohibited by the Constitution" because they are not "equivalent to doing the act itself.").

[4] Plaintiff is reminded that separate constitutional violations should be set forth as separate counts.

U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan , 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration."). The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury." See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53. A plaintiff "must identify a nonfrivolous, arguable underlying claim," and this underlying claim "must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

Plaintiff alleges that he is an indigent inmate working on his appeal. (Doc. 1 at 4.) He was moved to Bachman Detention Unit on August 11, 2010, where Chavez worked. Plaintiff states that when he requested indigent status in accordance with prison rules so that he could write to his attorney, his requests were ignored, as were his grievances about the lack of response to his request for indigent status. When Plaintiff submitted an inmate request for paralegal assistance to R. Padilla on November 15, 2010, Chavez told Padilla that all Plaintiff needed to do was put in a request for a legal call with his attorney. Plaintiff contends that such calls must be made in the presence of an officer, thereby destroying confidentiality.

Plaintiff fails to allege *facts* to support that he has actually been injured with respect to any pending or prospective litigation. According to records available on-line, a direct

appeal was filed on Plaintiff's behalf by counsel and is currently pending before the Arizona Court of Appeals.[5]  Because Plaintiff fails to allege facts to support that he was prevented from filing a meritorious claim in state or federal court, he fails to state a claim for denial of access to the courts by the denial of legal supplies.  Accordingly, he fails to state a claim in Count II on that basis.

### 2. Redress of Grievances

Although "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); the right of meaningful access to the courts extends to established prison grievance procedures.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated on other grounds by Shaw v. Murphy, 532 U.S. 223 (2001); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  The "government" to which the First Amendment guarantees a right to petition for redress of grievances includes prison authorities.  Hall, 64 F.3d at 1279 (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)).

In this case, Plaintiff does not allege that he was unable to submit grievances, i.e., that he was denied access to an established prison grievance procedure.  Rather, he alleges that Chavez failed to respond to his grievances.  Absent more, that is insufficient to state a claim for denial of the right to petition for redress of grievances.  Accordingly, Plaintiff also fails to state a claim for denial of the right to petition for redress of grievances.

### D. Denial of Access to Counsel

Plaintiff designates Count III as a claim for denial of access to counsel largely based on the allegations contained in Count II.  Plaintiff adds that Padilla told Chavez that Chavez

---

[5]    See http://apps.supremecourt.az.gov/aacc/1ca/1capartyindex.htm (Last visited November 3, 2011).  The appellate docket reflects that Plaintiff is represented by counsel in his appeal.  A criminal defendant is not constitutionally entitled to access to a law library or other legal assistance in connection with his criminal proceedings where he is already represented by counsel in those proceedings.  See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [a defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts.").

was violating Plaintiff's Sixth Amendment right to counsel, but that Chavez responded that Plaintiff only needed to request to make a call to his attorney. Plaintiff additionally states that he was unable to return questionnaires that two attorneys had sent to him and was thereby denied privileged access to his attorneys.

The Sixth Amendment guarantees an indigent criminal defendant the right to an attorney at all critical stages of his prosecution. See e.g., John-Charles v. California, 646 F.3d 1243, 1248 (9th Cir. 2011). Such stages include post-indictment lineups, arraignment, or a competency hearing for an adverse child witness. Id. (citing cases); see also United States v. Cronic, 466 U.S. 648, 659 n. 25 (1984) (citing cases). However, the facts alleged by Plaintiff do not support that Chavez denied him counsel at a critical stage of a criminal prosecution. Rather, Plaintiff appears to predicate this claim solely on Padilla's statement to Chavez. Absent more, Plaintiff has not stated a claim for violation of his Sixth Amendment rights. Accordingly, Count III will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of any prior complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original and first amended complaints. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any prior complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was

raised in a prior complaint is waived if it is not raised in a second amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**V.      Motion for Appointment of Counsel and Referral to *Pro Bono* Counsel**

Plaintiff seeks appointment of counsel based on his indigence, incarceration, failing eyesight, and limited familiarity with the law.  Counsel is only appointed in a civil rights action in "exceptional circumstances." <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Wilborn</u>, 789 F.2d at 1331; <u>see</u> <u>Agyeman</u>, 390 F.3d at 1103; <u>Terrell</u>, 935 F.2d at 1017.

This case does not present *exceptional* circumstances warranting the appointment of counsel.  Therefore, the Court will deny Plaintiff's motion for *appointment* of counsel.  However, the Court will refer Plaintiff's case to counsel for possible representation on a *pro bono* basis.  If *pro bono* counsel agrees to represent Plaintiff in this case, such counsel must file a notice of appearance within 30 days from the filing date of this Order.  The Court will entertain a motion for extension of time from counsel within which to file a second amended complaint in such circumstances.

**VI.     Warnings**

**A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  The First Amended Complaint is **dismissed** for failure to state a claim. (Doc. 16.) Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4)     Plaintiff's motion for appointment of counsel is **denied**.  (Doc. 15.)

(5)     *Pro bono* counsel representing Plaintiff must file a notice of appearance no later than **30** days from the filing date of this Order.

DATED this 16th day of February, 2012.

_A. Murray Snow_
/G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

7. <u>Change of Address</u>. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
   Attorney for Defendant(s)

_____
(Signature)

9. <u>Amended Complaint</u>. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1. <u>Your Name</u>. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. <u>Defendants</u>. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**

1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other." If you mark "other," identify the source of that authority.

2. <u>Location</u>. Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>. Print all of the requested information about each of the defendants in the spaces provided. If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom. Insert the additional page(s) immediately behind page 2.

**Part B. PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner. Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C. CAUSE OF ACTION:**

You must identify what rights each defendant violated. The form provides space to allege three separate counts (**one violation per count**). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

3

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)        Plaintiff,

                vs.

(1)_____ ,
(Full Name of Defendant)

(2)_____ ,

(3)_____ ,

(4)_____ ,
                Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.** _____
        (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

**550/555**

## B. DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>       (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)       (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)       (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail        ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                      ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                       DATE                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.