**WO**                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Wilson Overturf, | No. CV 11-1856-PHX-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice K. Brewer, et al., | |
| Defendants. | |

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 7.) Plaintiff filed a First Amended Complaint and a motion for appointment of counsel. (Doc. 15, 16.) The Court dismissed the First Amended Complaint with leave to amend and denied the motion to appoint counsel. (Doc. 17.) The Court stated, however, that it would request counsel to represent Plaintiff *pro bono* and to file a notice of appearance within 30 days.[1] (Id.) Plaintiff has filed a motion to extend the deadline for filing a second amended

---

[1] To date, those efforts have been unsuccessful.

**JDDL-K**

1 complaint until April 16, 2012. (Doc. 22.) Plaintiff also filed a motion for oral argument on
2 his motion for extension of time, which will be summarily denied. (Doc. 23.)

3     Plaintiff seeks the extension in part because he has not received responses to
4 discovery propounded by him to Defendants. (Id.) Plaintiff's request for production and
5 interrogatories were premature because no defendant has been served with or ordered to
6 respond to an amended complaint. In other words, prior to the service of an amended
7 complaint on one or more defendants, discovery in this matter is premature. If Plaintiff, *pro*
8 *se* or through counsel, files an amended complaint that sufficiently states one or more claims,
9 the Court will order service on the defendants and that parties will thereafter have an
10 opportunity to conduct discovery. Plaintiff will not, therefore, be granted an extension on
11 that basis.

12     Plaintiff otherwise seeks an extension because of his visual impairment, delays in
13 being provided glasses by prison officials, and delays in being able to obtain legal copying.
14 The Court will grant Plaintiff an additional 30 days from the filing date of this Order in
15 which to file a second amended complaint.

16 **Warnings**

17     **A.  Release**

18 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
19 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
20 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
21 in dismissal of this action.

22     **B.  Address Changes**

23 Plaintiff must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
25 relief with a notice of change of address. Failure to comply may result in dismissal of this
26 action.

27     **C.  Copies**

28 Plaintiff must submit an additional copy of every filing for use by the Court. See

1  LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
2  to Plaintiff.

### D.     Possible "Strike"

Because the Complaint and First Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the February 16, 2012 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of the February 16, 2012 Order or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's motion for oral argument is **denied**. (Doc. 23.)

(2)     Plaintiff's motion for an extension of time within which to comply with the February 16, 2012 Order, doc. 17, is **granted** to the extent set forth below. (Doc. 22.)

(3)     Plaintiff is **granted** an additional **30 days** from the filing date of this Order in which to file a second amended complaint in compliance with the February 16, 2012 Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

rights complaint by a prisoner.

DATED this 11th day of April, 2012.

*A. Murray Snow*

G. Murray Snow
United States District Judge