**WO**                                                                                     SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Wilson Overturf, ) | No. CV 11-1856-PHX-GMS (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Janice K. Brewer, et al., ) | |
| Defendants. ) | |

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 7.) Plaintiff filed a First Amended Complaint and a motion for appointment of counsel. (Doc. 15, 16.) The Court dismissed the First Amended Complaint with leave to amend and denied the motion to appoint counsel. (Doc. 17.) The Court stated, however, that it would request counsel to represent Plaintiff *pro bono* and to file a notice of appearance within 30 days.[1] (Id.) Plaintiff filed a motion to extend the deadline for filing a second amended complaint until April 16, 2012. (Doc. 22.)

In an Order filed on April 11, 2012, the Court granted Plaintiff 30 days in which to file a second amended complaint. (Doc. 24.) The day after that Order was filed, and before Plaintiff received a copy of that Order, Plaintiff filed two motions to compel discovery and another motion for extension of time in which to file a second amended complaint. For the

---

[1] To date, those efforts have been unsuccessful.

1 reasons discussed in the April 11 Order, Plaintiff's motions to compel discovery will be
2 denied as premature.

3       Plaintiff also seeks an extension until June 16, 2012 in which to file a second amended
4 complaint. (Doc. 27.) Plaintiff primarily seeks the extension because he has not received
5 responses to his discovery requests. However, unless and until Plaintiff files a second
6 amended complaint that states a claim against one or more defendants, and the Court requires
7 a response thereto, discovery is premature. Plaintiff otherwise seeks an extension because
8 he has not yet received new glasses, which would better enable him to read the rules of
9 procedure. Plaintiff is referred to the Instructions for completing the court-approved form
10 complaint and this Court's February 16, 2012 Order as guidance in preparing a second
11 amended complaint. Specifically, Plaintiff is referred to the standards to state the type of
12 claims that Plaintiff seeks to present, which is discussed in that Order. Finally, Plaintiff also
13 seeks the name of potential *pro bono* counsel; that request will be denied because, to date,
14 no attorney has agreed to represent Plaintiff in this action *pro bono*. Plaintiff's motion for
15 an extension until June 16, 2012 will be denied.

16 **Warnings**

17     **A.**    **Release**

18       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
19 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
20 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
21 in dismissal of this action.

22     **B.**    **Address Changes**

23       Plaintiff must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
25 relief with a notice of change of address. Failure to comply may result in dismissal of this
26 action.

27     **C.**    **Copies**

28       Plaintiff must submit an additional copy of every filing for use by the Court. See

LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint and First Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the February 16, 2012 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the February 16, 2012 Order or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's motions to compel discovery are **denied**. (Doc. 25, 26.)

(2) Plaintiff's motion for an extension of time to file an amended complaint is **denied**. (Doc. 27.)

DATED this 16th day of April, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge