1  **WO**                                                                                                              SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| George Wilson Overturf, | ) | No. CV 11-1856-PHX-GMS (DKD) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Janice K. Brewer, et al., | ) | |
| Defendants. | ) | |

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 7.) Plaintiff filed a First Amended Complaint and a motion for appointment of counsel. (Doc. 15, 16.) The Court dismissed the First Amended Complaint with leave to amend and denied the motion to appoint counsel. (Doc. 17.) The Court stated, however, that it would request counsel to represent Plaintiff *pro bono* with such counsel to file a notice of appearance within 30 days.[1] (Id.) Plaintiff filed a motion to extend the deadline for filing a second amended complaint until April 16, 2012. (Doc. 22.)

In an Order filed on April 11, 2012, the Court granted Plaintiff 30 days in which to file a second amended complaint. (Doc. 24.) The day after that Order was filed, and before Plaintiff received a copy of that Order, Plaintiff filed a motion for extension of time until June 16, 2012 in which to file a second amended complaint. (Doc. 27.) In that motion,

---

[1] Those efforts were unsuccessful.

1  Plaintiff primarily sought an extension because he had not received responses to his
2  discovery requests. As the Court stated in its previous Order, that was not a basis for
3  extending the deadline to file a second amended complaint. Plaintiff otherwise sought that
4  extension because he had not yet received new glasses, which would better enable him to
5  read the rules of procedure. The Court denied that motion and referred Plaintiff to the
6  Instructions for completing the court-approved form complaint and this Court's February 16,
7  2012 Order as guidance in preparing a second amended complaint. Specifically, Plaintiff
8  was referred to the standards to state the type of claims that Plaintiff seeks to present, which
9  were discussed in that Order. (Doc. 28.)

10  Plaintiff has filed a motion for reconsideration of the Court's April 16, 2012 Order,
11  doc. 28, and a motion to file an amended complaint. (Doc. 29, 30.) In the motion for
12  reconsideration, Plaintiff interpreted the April 16 Order as dismissing this action. That was
13  not the case. Plaintiff asks the Court to reconsider granting him an extension until June 16,
14  2012 explaining that new glasses were prescribed for him on January 5, 2012. Although
15  Health Services have informed him that it ordinarily takes two to four weeks to receive
16  glasses, he has yet to receive his new glasses but expects to receive them shortly. In his
17  second motion, Plaintiff seeks leave to file an amended complaint. (Doc. 30.)

18  The Court construes the motion for reconsideration as a motion for extension of time.
19  So construed, the Court will grant that motion and his motion for leave to file an amended
20  complaint as follows: Plaintiff will be granted an extension until June 16, 2012 in which to
21  file a second amended complaint in compliance with the February 16, 2012 Order.

22  **Warnings**

23  **A.     Release**

24  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
25  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
26  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
27  in dismissal of this action.

28  /     /     /

- 2 -

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint and First Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the February 16, 2012 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the February 16, 2012 Order or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's motion for reconsideration is construed as a motion for extension of time in which to file a second amended complaint. (Doc. 29.)

(2) Plaintiff's motions for an extension of time and for leave to amend are **granted** to the extent stated below. (Doc. 29, 30.)

(3) Plaintiff is granted until **June 16, 2012** in which to file a second amended complaint in compliance with the February 16, 2012 Order, doc. 17.

(4) If Plaintiff fails to file an amended complaint within the extension granted herein, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 9th day of May, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge