**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Wilson Overturf, | No. CV 11-1856-PHX-GMS (BSB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice K. Brewer, et al., | |
| Defendants. | |

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 7.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 15, 17.) Plaintiff filed a motion to extend the deadline for filing a second amended complaint. (Doc. 22.) The Court granted Plaintiff an extension until June 16, 2012 in which to file a second amended complaint. (Doc. 31.) Plaintiff then filed two further motions for extension of time to file a second amended complaint. (Doc. 32, 34.) In each motion, Plaintiff stated that he had completed a second amended complaint, but despite more than 20 requests, he had been unable to have the second amended complaint copied for filing by the Complex librarian and paralegal. On July 16, 2012, the Court granted Plaintiff a final extension of time until August 16, 2012 in which to file a second amended complaint. (Doc. 35.)

The same day that Order was issued, and unbeknownst to the Court, Plaintiff filed a third motion seeking an extension of time in which to file a second amended complaint.

(Doc. 36.) Clearly, Plaintiff had not received the Court's Order, doc. 35, granting him a final extension of time to file a second amended complaint. Because the Court has already granted Plaintiff a final extension of time, the Court will deny Plaintiff's latest motion as moot.

**Warnings**

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint and First Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the February 16, 2012 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

1 § 1915(g).

2 **E.     Possible Dismissal**

3 If Plaintiff fails to timely comply with every provision of the February 16, 2012 Order or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's July 16, 2012 motion for an extension of time is **denied** as moot. (Doc. 36.)

DATED this 17th day of July, 2012.

_____
G. Murray Snow
United States District Judge