**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Wilson Overturf,           ) | No. CV 11-1856-PHX-GMS (DKD) |
|                  Plaintiff,       ) | **ORDER** |
| vs.                               ) | |
| Janice K. Brewer, et al.,         ) | |
|                  Defendants.      ) | |

Plaintiff George Wilson Overturf, who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 7.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 17.) Plaintiff requested and was granted several extensions of time to file a second amended complaint. (Doc. 22, 24, 27, 29, 31, 32, 34, 35.) Plaintiff filed a Second Amended Complaint. On November 26, 2012, the Court dismissed the Second Amended Complaint for failure to state a claim and dismissed this action. (Doc. 43.) Judgment was entered the same day. (Doc. 44.)

Plaintiff has filed a post-judgment motion for leave to amend seeking additional opportunities to file an amended complaint in which he attempts to state a claim. (Doc. 45.) Plaintiff did not append a proposed amended complaint.

As the Court noted in its last Order, the Court's discretion to deny leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated

1  failure to cure deficiencies is one of the factors to be considered in deciding whether justice
2  requires granting leave to amend. <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531,
3  538 (9th Cir. 1989). Plaintiff made three efforts at crafting a viable complaint but failed to
4  cure deficiencies despite specific instructions from the Court. The Court found in its last
5  order that further opportunities to amend would be futile. Nothing in Plaintiff's current
6  motion supports that he would be able to state a claim if afforded additional opportunities to
7  amend. Accordingly, Plaintiff's motion will be denied.

8  **IT IS ORDERED** that Plaintiff's post-judgment motion for leave to amend is **denied**.
9  (Doc. 45.)

10  DATED this 4th day of December, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge