**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Wilson Overturf, | No. CV 11-1856-PHX-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Janice K. Brewer, et al., | |
| Defendants. | |

Plaintiff George Wilson Overturf, who was confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend.[1] (Doc. 1, 7.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 17.) Plaintiff requested and was granted several extensions of time to file a second amended complaint. (Doc. 22, 24, 27, 29, 31, 32, 34, 35.) Plaintiff filed a Second Amended Complaint. (Doc. 38.) On November 26, 2012, the Court dismissed the Second Amended Complaint for failure to state a claim and dismissed this action. (Doc. 43.) Judgment was entered the same day. (Doc.

---

[1] On December 20, 2012, Plaintiff filed a notice of change of address reflecting that he is currently held in Maricopa County's Fourth Avenue Jail. (Doc. 48.)

1 44.) Plaintiff filed a post-judgment motion for leave to amend seeking additional
2 opportunities to file an amended complaint in which to attempt to state a claim. (Doc. 45.)
3 In an Order filed on December 4, 2012, the Court denied that motion. (Doc. 46.) Plaintiff
4 subsequently filed a motion for reconsideration of the dismissal of his Second Amended
5 Complaint. (Doc. 47.) That motion will be denied.

6 Generally, motions to reconsider are appropriate only if the Court "(1) is presented
7 with newly discovered evidence, (2) committed clear error or the initial decision was
8 manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist.
9 No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A
10 motion for reconsideration should not be used to ask a court "to rethink what the court had
11 already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon
12 Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be
13 directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309
14 (D. Ariz. 1992).

15 Plaintiff seeks reconsideration for various reasons and his disagreement with the
16 Court's conclusions. Plaintiff disagrees with two footnotes concerning prescription labels.
17 He contends that the Court erred in dismissing claims against Chavez based on failure to
18 comply with prison regulations. Plaintiff also asserts that he did not receive certain
19 prescriptions on various dates. In addition, he asserts that malfeasance by Romero, French,
20 and Swindle could be proven with discovery.[2] Plaintiff also apparently disagrees with the
21 Court's attempt to address Plaintiff's allegations chronologically. He otherwise complains
22 about various points and submits new exhibits. Plaintiff has not pointed to newly-discovered
23 evidence, nor has he demonstrated that the Court committed clear error or an intervening
24 change in controlling law. Rather, Plaintiff asks the Court to rethink what it has already
25 thought through. That is not a basis for reconsideration. Accordingly, his motion for
26 reconsideration will be denied.

---

[2] Malfeasance, absent more, does not rise to the level of a constitutional violation.

1  **IT IS ORDERED** that Plaintiff's motion for reconsideration is **denied**.  (Doc. 47.)

2  DATED this 13th day of March, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge